Fulreader, Rosenthal Belluscio, Esqs. Attorneys For Rochester Housing Authority
This is in response to your letter wherein you ask for an opinion of the Attorney General as to the applicability of General Construction Law, § 41 to the Rochester Housing Authority.
Pursuant to provisions of Public Housing Law, § 30, the Rochester Housing Authority was created and established for the City of Rochester by Laws of 1957, chapter 913 and said provisions appear in Public Housing Law, as Title 60, § 463. Subdivision 1 of said section provides in part that the Rochester Housing Authority "* * * shall constitute a body corporate and politic, be perpetual in duration * * *."
Public Housing Law, § 3 (2) defines the term "authority" to mean "* * * a public corporation which is a corporate governmental agency * * * organized pursuant to law to accomplish any or all of the purposes specified in article eighteen of the constitution * * *."
The Rochester Housing Authority is composed of seven Commissioners, five of whom are appointed and two of whom are elected.
General Construction Law, § 41 provides:
 "Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons of officers disqualified from acting."
Your specific questions are summarized as follows:
1. Are the provisions of General Construction Law, § 41 applicable to the Rochester Housing Authority regarding those matters requiring a majority for decision or action.
2. If section 41 is deemed to be applicable and if only four of the seven Commissioners are present at a meeting, may a lawful resolution be passed or action be taken by a vote of three of the Commissioners present.
3. Are there any circumstances under which the Rochester Housing Authority would be authorized to pass a resulution or take action when the number of Commissioners voting for such resolution or action may be less than four.
We have heretofore concluded that members of a municipal housing authority are public officers (see, 1966 Atty Gen [Inf] 116, copy enclosed; see, also, 1967 Atty Gen [Inf] 111, copy enclosed).
From all of the foregoing, we conclude that the provisions of General Construction Law, § 41 are applicable to the Rochester Housing Authority. Accordingly, we answer your question numbered 1 in the affirmative, your question numbered 2 in the negative, and we answer your question numbered 3 by advising that the Rochester Housing Authority is not authorized to exercise any of its corporate powers without adhering to General Construction Law, § 41 requiring four affirmative votes for such action, except that pursuant to provisions of General Construction Law, § 13 "[a]ny meeting referred to in section forty-one * * * may be adjourned by a less number than a quorum."